

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

March 6, 2003

The Honorable Randal Lee
Cass County Criminal District Attorney
P.O. Box 839
Linden, Texas 75563

Opinion No. GA-0030

Re: Allocation of appraisal district's expenses between its appraisal and collection functions (RQ-0598-JC)

Dear Mr. Lee:

You inquire about the costs that an appraisal district may allocate to the taxing units in the district.[1] *See* TEX. TAX CODE ANN. § 6.06(d) (Vernon 2001) (allocation of portion of appraisal district budget to each taxing unit participating in the district). You state that the Cass County Appraisal District has historically maintained two budgets, one for costs related to appraising property and one for costs related to collecting property taxes. *See* Request Letter, *supra* note 1, at 1. Labor costs were traditionally divided between the two budgets depending upon the estimated time spent on each function. *See id.* This year, the appraisal district moved all labor expenses to the appraisal budget, causing a substantial increase in the costs allocated to the county and other taxing units in the district. *See id.* at 2. You ask what costs an appraisal district may allocate to the taxing units within its boundaries, and in particular you wish to know whether the taxing units must finance the appraisal district's costs for assessing and collecting the taxes of all taxing units, whether or not a particular taxing unit uses those services. *See id.*

An appraisal district is established in each county with the duties and authority set out in chapter 6, subchapter A of the Tax Code. *See* TEX. TAX CODE ANN. § 6.01 (Vernon 2001). The district's boundaries in most cases are contiguous with the county's boundaries, *id.* § 6.02(a), and the district is required to appraise property in the district for ad valorem tax purposes for each taxing unit imposing such taxes on property in the district. *See id.* § 6.01; *see also id.* § 1.04(12) (defining "taxing unit" to include a county, an incorporated city, a school district, a special district or authority, and any other political unit of the state authorized to impose ad valorem taxes).

The appraisal district is funded by the taxing units that participate in it. *See id.* § 6.062(a), (c) (newspaper notice of proposed budget must state that "the appraisal district is supported solely by payments from the local taxing units serviced by the appraisal district"). Each year the chief

---

[1]Letter from Honorable Randal Lee, Cass County District Attorney, to Honorable John Cornyn, Texas Attorney General (Aug. 23, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

appraiser prepares a proposed budget "for the operations of the district for the following tax year," showing each proposed position of employment and the associated salary and benefits, proposed capital expenditures, and an estimate of the amount of the budget that will be allocated to each taxing unit. *Id.* § 6.06(a). Each taxing unit is allocated a portion of the appraisal district budget proportionate to the dollar amount of property taxes that the unit imposed in the district in the year when the budget is proposed. *See id.* § 6.06(a), (d). If a taxing unit decides not to impose taxes for any tax year, the unit is not liable for any of the costs of operating the district in that year. *See id.* § 6.06(g).

Tax Code chapter 5 requires the Texas Comptroller of Public Accounts ("the Comptroller") to adopt rules establishing minimum standards for the administration and operation of an appraisal district, to prepare appraisal manuals and other materials to assist the appraisal districts, to administer performance audits of appraisal districts, and to provide other kinds of assistance and oversight to the appraisal district boards. *See id.* §§ 5.03-.16. Pursuant to this authority the Comptroller has issued an Appraisal District Director's Manual explaining the laws applicable to the districts. The courts will generally defer to the construction of a statute by the administrative agency charged with its enforcement. *See Osterberg v. Peca*, 12 S.W.3d 31, 51 (Tex. 2000). The Appraisal District Director's Manual issued by the Comptroller describes the budget as follows:

> Collection or assessment services are a separate budget from the main appraisal district budget. Only units using these services pay for them, so the chief appraiser should budget separately for these services. This separation permits allocating costs to the responsible taxing units.

TEXAS COMPTROLLER OF PUBLIC ACCOUNTS, APPRAISAL DISTRICT DIRECTOR'S MANUAL (Feb. 2000) at 27, *available at* http://www.window.state.tx.us/taxinfo/proptax/director/96-301.pdf (last visited Dec. 4, 2002); *see also id.* at 48 (if appraisal district performs assessment and collection functions under contract, the assessment and collection budget should be based on the contract).

An examination of the relevant provisions of Tax Code chapter 6 shows how the Comptroller reached the conclusion quoted above. Subchapter A of chapter 6 establishes and governs the appraisal district and provides that all local taxing entities must use the appraisal services of the district. *See* TEX. TAX CODE ANN. § 6.01(b) (Vernon 2001). Subchapter B identifies the assessors and collectors of ad valorem tax. *See id.* §§ 6.21-.30; *see also id.* ch. 26 (setting out steps of assessment process). The county assessor-collector "shall assess and collect taxes on property in the county for the county." *Id.* § 6.23(a). Section 6.24 of the Tax Code allows the appraisal district to perform assessment or collection services for a taxing unit, including a county, if it contracts with the unit as provided by the Interlocal Cooperation Act, TEX. GOV'T CODE ANN. ch. 791 (Vernon 1994 & Supp. 2003). The taxing unit's use of the district for tax assessment or collection is optional, unlike its use of the district's appraisal services.

When an appraisal district assesses or collects taxes for a taxing unit, it will be fully compensated under the contract by the taxing unit for which it performs the work. *See generally*

Tex. Att'y Gen. Op. LO-97-041, at 3. The Interlocal Cooperation Act provides that "[a]n interlocal contractual payment must be in an amount that fairly compensates the performing party for the services or functions performed under the contract." TEX. GOV'T CODE ANN. § 791.011(e) (Vernon Supp. 2003). Accordingly, the appraisal district's costs for assessing or collecting taxes under contract may not be included in the budget prepared under section 6.06 for the district's operations as the entity statutorily required to appraise property for the taxing units within its boundaries.

## S U M M A R Y

The budget of a tax appraisal district may allocate to the taxing units within the district only the costs of operating the appraisal district for its appraisal purposes. The costs of tax assessment or collection, which the appraisal district may opt to perform for taxing units under contract, are paid for by the taxing unit that has contracted with the district for these services and are not allocated to all taxing units within the district regardless of whether or not the unit contracted with the district for assessment or collection services.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General - General Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee